Stephanie A. Sheridan (CA 135910)
Matthew P. Farrell (CA 342601)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:628.600.2250
Facsimile: 628.221.5828
ssheridan@beneschlaw.com
mpfarrell@beneschlaw.com

Attorneys for Defendant
SONESTA INTERNATIONAL HOTELS
CORPORATION

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENTOYA MITCHELL, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>SONESTA INTERNATIONAL HOTELS CORPORATION,<br><br>        Defendant. | Case No. 2:24-cv-02603<br><br>**DEFENDANT SONESTA INTERNATIONAL HOTELS CORPORATION'S NOTICE OF REMOVAL**<br><br>(Los Angeles County Superior Court Case No. 24STCV04902) |

NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF KENTOYA MITCHELL AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Sonesta International Hotels Corporation ("Sonesta") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles ("State Court") to the United States District Court for the Central District of California ("District Court") for the following reasons:

## I.   INTRODUCTION

1.   This case is properly removed to this Court pursuant to 28 U.S.C § 1441 because this Court has jurisdiction under the Class Action Fairness Act, codified in part at 28 U.S.C. §§ 1332(d) and 1453 ("CAFA") because: 1) it is a civil action in which the alleged amount in controversy exceeds $5,000,000; 2) there is diversity between the parties; and 3) the putative class includes more than 100 members.  Removal is also appropriate on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).

## II.   THE STATE ACTION

2.   On February 26, 2024, Plaintiff Kentoya Mitchell ("Plaintiff") filed her complaint in the Superior Court of the State of California for the County of Los Angeles, styled *Kentoya Mitchell, individually and on behalf of all others similarly situated v. Sonesta International Hotels Corporation*, Case No. 24STCV04902 ("Complaint").  The Complaint alleges that Sonesta violates the California Invasion of Privacy Act ("CIPA") by aiding, employing, agreeing with, or otherwise enabling Meta Platforms, Inc. ("Facebook") to allegedly intercept its communications with website visitors.  Specifically, Plaintiff claims that each time she or a putative class member navigated the Sonesta website and made selections, that amounted to a communication between the visitor and Sonesta, and that Facebook allegedly intercepted these communications via the Meta Pixel. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

3.     Plaintiff purports to bring a class action on behalf of "all California residents who have a Facebook account and accessed and navigated the Website while in California." Exhibit A at ¶ 78.  She claims that this putative class consists of "thousands of individuals." *Id.* at ¶ 80. On behalf of herself and each putative class member, she seeks $5,000 for each time the Meta Pixel allegedly intercepted a visitor's navigation of the website, *see id.* at ¶¶ 15, 96, 107, which she claims happened when they browsed the website and booked hotels.  *See id.* at ¶¶ 41, 43.

4.     Sonesta was notified of the State Action when served with a copy of the Summons and Complaint on February 29, 2024.

5.     Pursuant to 28 U.S.C. § 1446(b), Sonesta now timely files this Notice of Removal. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because fewer than thirty (30) days have elapsed since Sonesta was served with a copy of Plaintiff's Complaint.

6.     Nothing in this Notice of Removal should be interpreted as a concession of liability, the appropriateness of venue, the appropriateness of class treatment, Plaintiff's class definition, or the validity of Plaintiff's claims for relief. Sonesta reserves the right to supplement and amend this Notice of Removal.

**III.    REQUIREMENTS FOR REMOVAL UNDER CAFA**

7.     Under CAFA, codified in part at 28 U.S.C. § 1332 and 1453, a federal district court shall have original jurisdiction over any putative civil class action in which: 1) there are at least 100 members in all proposed putative classes; 2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and 3) "any member of a class of Plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2, 5).  Because this action meets each of CAFA's requirements, it may be removed to federal court.  28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.").

**A.      The Number of Putative Class Members Exceeds 100.**

8.      According to Plaintiff's Complaint, the putative class "is composed of *at least* thousands of individuals," Exhibit A at ¶ 80 (emphasis added).

9.      Thus, the size of the putative class well exceeds 100 members.

**B.      The Amount in Controversy Exceeds $5 Million.**

10.      Sonesta denies Plaintiff's substantive allegations, the appropriateness of class treatment, and that Plaintiff is entitled to any of the relief sought in the Complaint, and does not waive any defense with respect to any of Plaintiff's claims.  Nonetheless, the amount in controversy is determined by accepting Plaintiff's allegations as true.  *See Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true.").  Further, CAFA's legislative history indicates that even if the Court "is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case." Senate Report on the Class Action Fairness Act of 2005 Dates of Consideration and Passage, S. Rep. 109-14; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549–50 (2014) ("the amount-in-controversy allegation of a defendant seeking federal court adjudication should be accepted when not contested by the Plaintiffs or questioned by the court.").

11.      Here, the face of the Complaint makes clear that Plaintiff has put more than $5 million in controversy.  She alleges that the purported class "is composed of at least thousands of individuals," Exhibit A at ¶ 80 (emphasis added), and that "each seeks statutory damages of $5,000."  Id. at ¶ 96; see also id. at ¶¶ 15, 107.  Thus, assuming that Plaintiff purports to represent at least two thousand people (i.e., the minimum number to constitute thousands, plural), and even if each person visited the Sonesta website only once, the amount in controversy requirement would be readily satisfied because $5,000 x 2,000 = $10 million.

---

4
**NOTICE OF REMOVAL**

12. Therefore, Plaintiff's claims for statutory damages alone are in excess of the $5 million threshold.[1]

**C.    Minimum Diversity of Citizenship Exists.**

13. Diversity exists for purposes of removal under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). "[T]he term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

14. Plaintiff is a resident and citizen of Los Angeles, California. *See* Exhibit A at ¶ 3. Therefore, Plaintiff is a citizen of California for diversity purposes.

15. A corporation is a citizen of the state where, (i) it has been incorporated; and (ii) its principal place of business is located.  *See* 28 U.S.C. § 1332(c). The principal place of business for a corporation is determined by the location of its "nerve center," which includes the location of its headquarters and the location where its "officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010).

16. Sonesta is a Maryland Corporation with its principal place of business in Massachusetts.  *See* Exhibit A at ¶ 4. Therefore, for CAFA purposes, Sonesta is a citizen of Maryland and Massachusetts.

---

[1] The attorney's fees and injunctive relief requested by Plaintiff, *see* Exhibit A, Prayer for Relief, ¶¶ g, h, increase the amount in controversy further above the minimum requirement. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (noting that the "amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees"); *see also In re Quintus Sec. Litig.*, 148 F.Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund); *Tompkins v. Basic Research LLC*, No. 5-08-244, 2008 WL 71808316, at *4 & n.9 (E.D. Cal. Apr. 22, 2008) (noting that under CAFA, the amount in controversy includes defendants' potential cost of compliance with a request for injunctive relief); James Wm. Moore et al., Moore's Federal Practice's 102.26(c)(iii) (3d ed. 2010) ("The amount in controversy in CAFA cases may be determined on the basis of the aggregate value to either the Plaintiffs class members or to the defendants.").

17.     CAFA's diversity requirement is clearly satisfied because Plaintiff is a California resident, and Sonesta is not.  *See* 28 U.S.C. § 1332(d)(2).

**D.      No CAFA Exceptions Apply.**

18.     This case does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiff has the burden of proving otherwise.  *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction.").

**IV.     ALTERNATIVE BASIS FOR REMOVAL—DIVERSITY**

19.     This Court alternatively has original jurisdiction because, as highlighted above: 1) the alleged amount in controversy exceeds $75,000; and 2) there is complete diversity of citizenship between the parties to this action. Therefore, this Court has jurisdiction under 28 U.S.C. § 1332.  Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removal of the State Action to this Court is appropriate on this alternative basis as well.

**V.      PROCEDURAL COMPLIANCE**

**A.      This Court is the Proper Venue.**

20.     The Superior Court of the State of California for the County of Los Angeles is located in the Central District of California, Western Division. Under 28 U.S.C. §§ 1441(a) and 1446(a), a defendant may remove state court civil actions to the district court within which such action is pending.  This Court embraces the place where the State Action being removed is pending. Therefore, the State Action may be removed to this Court.

**B.      Removal Complies with Statutory Requirements.**

21.     Pursuant to 28 U.S.C. § 1446(a), Sonesta attaches hereto as Exhibits A–F true and correct copies of the following process, pleadings, or orders in the State Court's file that have been served on Sonesta up to the date of filing this Notice of Removal:

a.     **Exhibit A**: Complaint;

b.     **Exhibit B**: Civil Case Cover Sheet;

c.     **Exhibit C**: Notice of Case Assignment – Unlimited Civil Case;

d.     **Exhibit D**: Alternative Dispute Resolution (ADR) Package;

e.   **Exhibit E**: Summons; and

f.   **Exhibit F**: Proof of Service of Summons.

22.   This Notice of Removal is timely because it was filed within thirty (30) days of February 29, 2024, the date on which Plaintiff served the Complaint.  28 U.S.C. § 1446(b).

23.   Sonesta will promptly file a true and correct copy of this Notice of Removal with the Clerk of Court for the Superior Court of the State of California for the County of Los Angeles, together with a Notice of Filing Notice of Removal, and will serve those papers upon Plaintiff's counsel, in compliance with 28 U.S.C. § 1446(d).

24.   This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11, as required by 28 U.S.C. § 1446(a).

25.   Sonesta is filing, contemporaneously herewith, a corporate Disclosure Statement and Notice of Interested Parties in compliance with Fed. R. Civ. P. 7.1 and Civil L.R. 7.1-1.

26.   No admission of fact, law, or liability is intended by this Notice of Removal, and Sonesta expressly preserves any and all of its defenses, denials, and/or objections.

27.   Sonesta requests that this Court take jurisdiction of the State Action to its conclusion and to final judgment to the exclusion of further proceedings on the claims asserted therein in the state court, in accordance with the law.

WHEREFORE, Sonesta prays that the above case now pending in the Superior Court of the State of California, County of Los Angeles be removed therefrom to this Honorable Court.

Dated:  March 29, 2024

Respectfully submitted,

_s/ Stephanie A. Sheridan_
Stephanie A. Sheridan (CA 135910)
Matthew P. Farrell (CA 342601)
Benesch, Friedlander, Coplan & Aronoff LLP

Attorney for Defendant
Sonesta International Hotels Corporation

7
**NOTICE OF REMOVAL**