Stephanie A. Sheridan (CA 135910)
Meegan B. Brooks (CA 298570)
Matthew P. Farrell (CA 342601)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:628.600.2250
Facsimile: 628.221.5828
ssheridan@benechlaw.com
mbrooks@beneschlaw.com
mpfarrell@beneschlaw.com

Attorneys for Defendant
Sonesta International Hotels Corporation

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Kentoya Mitchell, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

Sonesta International Hotels Corporation,

Defendant.

Case No. 2:24-cv-02603-GW-SSC

**DEFENDANT SONESTA INTERNATIONAL HOTELS CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Complaint Filed: February 26, 2024
Date of Removal: March 29, 2024
FAC Filed: June 7, 2024

Hearing Date: August 22, 2024
Time: 8:30 a.m.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT,** on August 22, 2024, at 8:30 a.m., or as soon thereafter as the matter may be heard before the Hon. George H. Wu of the United States District Court for the Central District of California in Courtroom 9D, in the United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, Defendant Sonesta International Hotels Corporation's ("Sonesta") will and hereby does move this Court for an Order dismissing the First Amended Complaint ("FAC").

***First***, Plaintiff lacks Article III standing, because any injury-in-fact caused by the alleged wiretapping (and there was none) would have been self-inflicted. ***Second***, Plaintiff has been on notice of Sonesta's alleged practices since the day she first visited the Website, and yet waited well over a year—until after the California Invasion of Privacy Act's ("CIPA") one-year limitations period expired—to challenge them. Her case is therefore time-barred, and her consent prevents her from invoking the "discovery rule" to save her claims. ***Finally***, Sonesta's repeated disclosures prevent her from plausibly alleging lack of consent, as is required to state a claim under either CIPA § 631 or § 632.

Plaintiff's claim under CIPA § 631 also fails for a host of other reasons, each of which mandates dismissal: i) Plaintiff does not identify any "third party" eavesdropper; the fact that software vendors provided Sonesta with tools to use on its website is insufficient, as such tools are exempt under the party exception to the statute; ii) Plaintiff does not allege use of a "telephone wire, line, cable, or instrument"; and iii) the FAC does not allege that wiretapping occurred—that is, nothing in the FAC plausibly supports Plaintiff's claims that any of the software vendors *intercepted* a communication *in transit* (*i.e.*, in the instant that Plaintiff landed on each page of the Sonesta website). Plaintiff cannot overcome these fatal barriers, and her FAC still does not plausibly allege that Sonesta *knew* about any illicit interceptions with respect to Plaintiff's visit, much less that it aided or abetted them.

Plaintiff's CIPA § 632 claim still fails as well, for the same central reason: the FAC does not plausibly allege eavesdropping. Moreover, Plaintiff does not overcome the presumption that she had no objectively reasonable expectation that her browsing would

not be recorded, and none of the new software tools are amplifying or recording devices.

In sum, the FAC does not allege that any of the several software vendors Plaintiff identifies (much less Sonesta) "intercepts" or "eavesdrops" anything. The Court should reject Plaintiff's transparent attempts to file an all-but-new and utterly untimely complaint based on wiretapping laws that predate the Internet and dismiss the FAC with prejudice.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Matthew Martini and exhibits thereto, the Request for Judicial Notice and exhibits thereto, any other matters of which the Court may take judicial notice, other documents on file in this action, and any oral argument of counsel.

Pursuant to Local Rule 7-3, the Parties met and conferred about the arguments in this Motion on June 28, 2024, but were unable to resolve the issues raised herein.

Dated: July 8, 2024

Respectfully submitted,

*s/ Stephanie A. Sheridan*
STEPHANIE A. SHERIDAN (CA 135910)
MEEGAN B. BROOKS (CA 298570)
MATTHEW P. FARRELL (CA 342601)
Benesch, Friedlander, Coplan & Aronoff LLP

Attorneys for Defendant
Sonesta International Hotels Corporation